## THE UNITED STATES V. JAMES PAUL.

The third section of the act of congress, entitled "an act more effectually to provide for the punishment of certain crimes against the United States, and for other purposes," passed March 3, 1825, is to be limited to the laws of the several states in force at the time of its enactment.

THIS case came before the court on a certificate of division of opinion of the judges of the circuit court of the United States for the southern district of New York.

The defendant, James Paul, was indicted at October term 1830 of the circuit court. The indictment found by the grand jury was as follows:

*Southern District of New York, ss.*

The jurors for the United States of America within and for the circuit and district aforesaid, on their oaths present, that James Paul, late of West Point, on the 10th day of September in the year of our Lord 1830, about the hour of ten in the night of the same day, with force and arms, at West Point, in the county of Orange, within the state of New York, under the sole jurisdiction of the United States of America, and within the jurisdiction of this court, (the store of John H. Lane, in which said store goods and merchandise, the property of the said John H. Lane, was kept for use and sale) there situate, feloniously and burglariously did break and enter, with intent the goods and merchandise of the said John H. Lane in the said store then and there being found, then and there feloniously and burglariously to steal, take, and carry away, against the peace of the people of the United States and their dignity.

To which indictment the prisoner pleaded not guilty, and by his counsel moved that the said indictment be quashed upon the following grounds:

That the third section of the act of congress, entitled "an act more effectually to provide for the punishment of certain crimes against the United States, and for other purposes," passed March 3, 1825—Laws U. S. vol. 7, p. 393—is to be limited to the laws of the several states in force at the time of its enactment.

[United States v. Paul.]

By the revised statutes of the state of New York, passed in 1829—vol. 2 Rev. Stat. p. 669, part 4, ch. 1, title 3, art. 2, sec. 17—a burglary in the third degree is enacted a breaking and entering, in the day or night, any shop, store, &c., in which any goods, &c. are kept for use, sale, or deposit, with intent to steal therein, or commit any felony; and by the 21st of the same act, this offence is punishable by imprisonment in the state prison for a term not exceeding five years.

ͳ the said question thus occurring before the said court, the opinions of the said two judges were divided, and upon request of counsel, the point upon which the said division of opinion occurred was stated in manner aforesaid, under the direction of the said judges, and certified under the seal of the said court, to the Supreme Court of the United States, at their next session, to be held at the city of Washington on the second Monday of January, A.D. 1831.

The prisoner was arrested on a charge of breaking, with an intention to steal, into a store situated at West Point, in the state of New York, and within the sole and exclusive jurisdiction of the United States. The store was not in any way identified with a dwelling: and the offence therefore was not a *burglary* at common law, nor by the laws of New York as existing in 1825; but was created a burglary in the third degree by the Revised Statutes of New York going into operation in 1829.

The case was submitted to the court without argument, by Mr Taney, attorney-general of the United States; and by Mr Washington Quincy Morton, for the defendant.

Mr Chief Justice MARSHALL stated it to be the opinion of the court, that the third section of the act of congress, entitled " an act more effectually to provide for the punishment of certain crimes against the United States, and for other purposes," passed March 3, 1825, is to be limited to the laws of the several states in force at the time of its enactment. This was ordered to be certified to the circuit court for the southern district of New York.