### No. 2089.—The State *v.* William Davis.

The statute of the State of Louisiana of 1805, adopting the common law of England as the basis of its criminal jurisprudence, is not affected by any enactments of that kingdom subsequent to that date.

The statute of 21 George III., chap. 68, enacted prior to the year 1805, by which the taking of certain things attached to the realty is declared to be a felony, does not affect the definition of the word "larceny," as used in the twenty-eighth section of the act of March 14, 1855.

The term larceny, as used in this statute, means the felonious taking and carrying away of the personal goods of another, without his consent, and with intent to convert them to the use of the taker.

APPEAL from the District Court, Parish of East Baton Rouge. *Posey*, J.  *M. A. Estevan*, District Attorney, for the State.  *Read & Goodale*, for defendant and appellant.

Howe, J.   The defendant has appealed from a judgment rendered upon the verdict of a jury finding him guilty of larceny.  It appears from the bill of exceptions that the copper pipe, alleged to have been the subject of the larceny, was permanently affixed to an engine, which was itself permanently affixed by bricks and mortar to a sugar house; and that the counsel for the accused requested the court to charge the jury as follows:

1. That larceny can not be committed of things that partake of the realty.

2. That copper pipe affixed to an engine, which is affixed by masonry to a building, does partake of the realty, and that larceny can not be committed thereof.

The court refused these instructions, and, on the contrary, charged the jury that the statute of 1805, by which the Legislature of Louisiana adopted as the basis of the criminal jurisprudence the common law of England, should be intended and construed as embracing the statute

of 7 and 8 George IV., chap. 29, by the forty-fourth section of which the stealing or feloniously removing of metal from a building was made a felony; and that the effect of this statute upon the laws of Louisiana is such as to include within the definition of larceny, such crimes as stealing or feloniously removing some things that do partake of the realty, such as copper pipe when affixed to buildings and the like.

We are constrained to think that this ruling was erroneous. Whatever may have been the effect of our statute of 1805, it could not have embraced the statute of 7 and 8 George IV., chap. 29, inasmuch as the latter was not enacted until after the accession of that monarch in the year 1820. We presume the learned judge *a quo* had in mind the statute of 21 George III., chap. 68, by which the taking of certain things attached to the realty was declared to be a felony; but we do not think that the enactment of this statute, prior to 1805, should be held to affect the definition of the word "larceny," as used in the twenty-eighth section of the act of March 14, 1855, under which this prosecution was instituted. The offense denounced by that section is larceny at common law—pure and simple—the felonious taking and carrying away of the personal goods of another, without his consent, and with intent to convert them to the use of the taker.

It may well be, however, that the State can yet establish, under the pleadings herein, a case of larceny; and

It is therefore ordered that the judgment appealed from be avoided and reversed, and the verdict of the jury set aside, and the cause remanded for a new trial.