Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK KRIEGBAUM, Respondent, for Compensation under the Workmen's Compensation Law, against BUFFALO WIRE WORKS COMPANY, INC., Employer, and STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Insurance Carrier, Appellants.

Third Department, March 6, 1918.

**Workmen's Compensation Law — power of State Industrial Commission to reopen claim and make award for permanent total disability — modification of award after time to appeal has expired.**

The State Industrial Commission after having made an award for permanent partial disability, which award has been complied with by the employer and insurance carrier, has the power to reopen and rehear the claim and make an award for permanent total disability.

The Commission has authority to modify an unjust award made under a mistake of fact, even though the claimant's time to appeal has expired when the application for modification is made.

APPEAL by the defendants, Buffalo Wire Works Company, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 18th day of July, 1917.

*Neile F. Towner,* for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The question involved upon this appeal is whether the State Industrial Commission after having made an award for permanent partial disability, which award has been complied with by the employer and insurance carrier, has the power to reopen and rehear the claim and make an award for permanent total disability.

In July, 1914, the claimant, an employee of the Buffalo Wire Works Company, Inc., while engaged in a hazardous employment, sustained an accidental injury resulting in the total loss of the sight of his right eye. . Notice by the claimant of injury, reports of the employer and attending physician, and a claim for compensation, were duly filed with the Commission. On September 8, 1914, the Commission made an award of compensation for the period of one hundred and twenty-eight weeks for the loss of the eye. The full amount of such award was duly paid, the final payment being made in January, 1917. About December 1, 1916, application was made to the Commission on behalf of the claimant to reopen and rehear the claim. Upon the hearing of such application by a deputy commissioner, it appeared that in 1901 the claimant had suffered an accidental injury to the left eye which had resulted in the permanent total loss of the vision of that eye, except as to 8/200 minus. This rendered the sight of that eye useless for any vocational purpose. The fact of the left eye having been injured was not taken into account by the Commission, and in fact was not known to it at the time of making the award for the loss of the right eye. The only reference to the left eye having been previously injured which appeared in the papers upon which the Commission acted in making an award for the loss of the right eye in addition to the statement that both eyes were affected, was the statement of the claimant in response to the question, " Was your eye sight or hearing defective? A. Sight of left eye was little;" and the state-

ment in the physician's report in answer to the question, " Has
the injury resulted in a permanent disability? Yes. If so, what?
Loss of sight of right eye, left was injured.   1901 — Vis. —
15 /70." There was no appearance before the Commission
by or on behalf of the claimant. Neither was any oral
examination had as to the facts. The Commission under-
standing the case to be one of permanent partial disability
only, made the award of September, 1914. That the claim
was in fact one entitling the claimant to an award for per-
manent total disability cannot be questioned, nor can it be
doubted that such award would have been made had the
Commission been fully informed as to the facts. Upon the
rehearing attended by all the parties interested, the Com-
mission for the first time became advised as to the facts and
thereupon made an award continuing the compensation
granted by the prior award from the time of the last payment
until such time as the State Industrial Commission should
be shown that the claimant had some useful vision of his
left eye. The employer and insurance carrier feeling aggrieved
at the action of the Commission have taken this appeal basing
their claim of right to reversal of the award mainly upon
the ground that no appeal having been taken from the award
of September 8, 1914, such award was final and conclusive
between the parties.

Whether notice of filing the award or of the decision of
the Commission was given to the claimant, and thus his
time to appeal therefrom limited, was a subject of dispute
between the parties. The decision of that question is, how-
ever, entirely immaterial upon this appeal. The Commission
not only had the right, but was acting strictly within its
duty when it modified an unjust award made under a mistake
of fact, even though the claimant's time to appeal had expired
when the application for modification was made.

Section 74 of the Workmen's Compensation Law (Consol.
Laws, chap. 67) provides: " Jurisdiction of Commission to
be continuing. The power and jurisdiction of the Commission
over each case shall be continuing, and it may, from time to
time, make such modification or change with respect to former
findings or orders relating thereto, as in its opinion may be
just."

The loss of the sight of the right eye having occurred in July, 1914, the award was not affected by the amendment of section 15, subdivision 6, by chapter 615 of the Laws of 1915, but the claim was governed by the law in force at the time of the decision of this court in *Matter of Schwab* v. *Emporium Forestry Co.* (167 App. Div. 614; affd., 216 N. Y. 712) in which it was held that an employee who had suffered the loss of a hand by a previous injury, and who suffered the loss of a remaining hand by a subsequent injury, was entitled to an award for permanent total disability instead of an award simply for permanent partial disability on account of the loss of the remaining hand.

The facts also bring the case directly within the decision of this court in the case of *Beckmann* v. *Oelerich & Son* (174 App. Div. 353) in which it was held that the State Industrial Commission may, notwithstanding the time to appeal has passed, grant a rehearing and correct an award where its prior decision was made without full knowledge of the facts; also that the provisions of section 74 relating to the continuing jurisdiction of the Commission should be liberally construed.

The award of the Commission should be affirmed.

Award unanimously affirmed.