(No. 31093.—)

GEORGE KLOSS *et al.*, Appellants, *vs.* THE SUBURBAN COOK COUNTY TUBERCULOSIS SANITARIUM DISTRICT *et al.*, Appellees.

*Opinion filed September 22, 1949.*

88

Scott, MacLeish & Falk, (Robert S. Cushman, and John J. O'Brien, Jr., of counsel,) all of Chicago, for appellants.

Edwin B. Berndtson, and Bluford, Krinsley, Schultz & Voorhies, (Victor Hedberg, and Robert B. Moore, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellants, suing in behalf of themselves and all other taxpayers similarly situated, filed this action in the circuit court of Cook County against The Suburban Cook County Tuberculosis Sanitarium District, (hereinafter called the district), and the county clerk and county treasurer of Cook County, to enjoin the extension and collection of the entire tax levied by the district for its fiscal year commencing July 1, 1948. The trial court denied a temporary injunction and sustained the district's motion to dismiss the complaint for legal insufficiency. Appellants elected to stand by their pleading, and, the revenue being involved, come to this court seeking a review of the trial court's action.

The Suburban Cook County Tuberculosis Sanitarium District is composed of all the territory of Cook County which lies outside the corporate limits of the city of Chicago. It was formed and organized after a favorable referendum in November, 1947, pursuant to and under "An Act to provide for the creation and management of tuberculosis sanitarium districts," (Ill. Rev. Stat. 1947, chap. 23, pars. 177(a) to 177(n) inclusive,) which act was approved May 21, 1937. · (Laws of 1937, p. 470.) This act shall hereinafter be referred to as the "1937 sanitarium act." The first section of the act provides as follows: "Any area of contiguous territory lying wholly within one county but entirely outside the corporate limits of any city or village which has adopted 'An Act to enable cities and villages to establish and maintain public tuberculosis sanitariums,' approved March 7, 1908, as amended, may be incorporated as a tuberculosis sanitarium district in the following manner," etc. It is apparent from the pleadings that the city of Chicago maintained a tuberculosis sanitarium organized under the act of 1908 referred to, and thus was not included in the district here. Appellants contend, (1) that the statute under which the district here was formed and levies its taxes, is based on an arbitrary and unreasonable

classification, and (2) that since the city of Chicago is excluded from the district by virtue of having adopted the 1908 act, a special privilege and immunity is granted to its citizens in that they will be subject to only one tax for sanitarium purposes, whereas other cities and villages in the county will be subject to two taxes for sanitarium purposes, if and when such cities or villages in the district should decide to organize a sanitarium under the 1908 act. On these two grounds they urge that the 1937 sanitarium act violates section 22 of article IV of our State constitution.

As to the first ground, appellants admit the general rule to be that a classification will suffice as a basis of legislation when it is based on a difference in situation found to exist in persons or objects upon which the classification rests. (*Hansen* v. *Raleigh,* 391 Ill. 536; *Joseph Triner Corp.* v. *McNeil,* 363 Ill. 559.) They contend that the statute here does not meet this test and is wholly arbitrary and void. In support of this contention appellants rely on *Grennan* v. *Sheldon,* 401 Ill. 351, *People ex rel. Stuckart* v. *Knopf,* 183 Ill. 410, *People ex rel. Kane* v. *Weis,* 275 Ill. 581, and *People ex rel. Board of Education* v. *Read,* 344 Ill. 397. A careful examination of those cases indicates that in each of them the statutes under consideration were held to be based on an unreasonable classification, for the reason that the inhabitants of the political subdivisions there involved were given special privileges which were denied to inhabitants, or part of the inhabitants, of other political subdivisions of like population or area and similarly situated. A law is not class legislation merely because it affects one class only, if it affects all members of the same class alike. (*Lueth* v. *Goodknecht,* 345 Ill. 197; *People* v. *Sisk,* 297 Ill. 314.) A law is not local because it operates only in certain subdivisions of the State if by its terms it operates uniformly throughout the State under like circumstances and situations. (*L'Hote* v. *Village of Milford,* 212 Ill. 418; *People ex rel.*

*Hatfield* v. *Grover,* 258 Ill. 124.) A law is general, not because it embraces all of the governed, but because it may, from its terms, when many are embraced in its provisions, embrace all others when they occupy the position of those who are embraced. (*Hawthorn* v. *People,* 109 Ill. 302; *City of Clinton* v. *Wilson,* 257 Ill. 580; *People* v. *Vickroy,* 266 Ill. 384.) In *People ex rel. Meyer* v. *Hazelwood,* 116 Ill. 319, it was held that a classification of townships between those lying wholly in the country and those the entire territory of which was covered by an incorporated city was not unconstitutional and therefore void as being a local and special law. It was said in that opinion that laws are general and uniform, and hence not obnoxious to the objection that they are local or special, when they are general and uniform in their operation upon all in a like situation. There is nothing in the statute before us which gives the inhabitants of one sanitarium district under the act any privileges which do not extend to other districts similarly organized and situated. The only distinction which might occur in districts to be organized comes from the proviso which states that the district shall not include cities which have previously adopted the city tuberculosis sanitarium act. We are of the opinion that such a classification is reasonable and bears a proper relation to the purpose to be attained by the statute. Little discussion is needed to point out that tuberculosis is a menace to all the citizens of our State. The legislature recognized this when it enacted the 1908 law allowing the creation of city sanitariums. That such city sanitariums were not geographically located or economically situated to care for all victims of the disease, must have been apparent to the legislature when the 1937 statute here under consideration was passed. As we see it, the classification created is between cities which had existing facilities and taxing power to operate them, and the remainder of the county outside of such cities, which had neither facilities nor taxing power to wage the neces-

sary fight against the disease. It was reasonable and proper to exclude from the act cities which already possessed sanitarium facilities, and we do not find such classification to be arbitrary or capricious. It is based on an actual difference of situation which exists in the persons and political subdivisions so classified. Classification cannot be disturbed by courts unless they can see clearly that there is no fair reason for the law that would not require its extension with equal force to others whom it leaves untouched. (*Bowers* v. *Glos*, 346 Ill. 623.) It is obvious that a fair reason exists here.

Also under this point, appellants argue that the 1937 sanitarium act creates a special privilege and immunity for citizens of the city of Chicago, as distinguished from other residents of Cook County, in that they will be exposed to only one tax for sanitariums, whereas citizens of other municipalities in the district here might be exposed to double taxation in the event the voters of any of said municipalities also adopt the city act of 1908. This objection cannot reflect upon the reasonableness or unreasonableness of the classification made by the county act. The result proposed by counsel would not render the act unconstitutional, but could be grounds for the court to grant relief in the future, if any or all of such municipalities should levy for the same purpose within the same territory, and at the same time. (*People ex rel. Ammann* v. *Wabash Railroad Co.* 391 Ill. 200.) The 1937 sanitarium act is not subject to the constitutional objections raised.

Appellants next attack the tax levy of the district, which is its first since organization, on the ground that it was not adopted within the time provided in the 1937 sanitarium act, and is therefore null and void. The levy, purporting to be for the district's fiscal year commencing July 1, 1948, was made August 24, 1948, and a certified copy thereafter filed in the office of the county clerk. The portion of the 1937 act under which the district made its levy, is as fol-

lows: "All general taxes levied by the board of directors of any tuberculosis sanitarium district shall be levied at the same time and in the same manner as taxes are levied for city and village purposes; * * *." (Ill. Rev. Stat. 1947, chap. 23, par. 177(n).) When this section was passed in 1937 the Cities and Villages Act provided that all municipalities, regardless of size, adopt a tax levy ordinance on or before the third Tuesday in September in each year. (Ill. Rev. Stat. 1937, chap. 24, par. 123.) In 1941 the Cities and Villages Act was repealed and an entire new act known as the Revised Cities and Villages Act was adopted in lieu thereof. (Ill. Rev. Stat. 1941, chap. 24.) By section 16-1 of the revised act, which section was in effect when appellee organized its district, it is provided that municipalities under 500,000 population adopt their levy ordinance on or before the second Tuesday in September in each year, and that municipalities over 500,000 adopt their ordinance prior to March 28 in each year. The section of the 1937 sanitarium act, quoted above, has never been amended to conform specifically to the terms of the Revised Cities and Villages Act. Appellants claim that inasmuch as the appellee district contains over 500,000 population, a fact admitted by the pleadings, its levy is governed by the provision relating to municipalities over 500,000 population, and that its levy of August 24, 1948, being after March 28 of that year, was made too late to be effectual. They concede that if the portion of the revised act relating to municipalities under 500,000 controls, the district's levy was made in apt time.

Appellee district urges: (1) that the 1937 sanitarium act, under which it was organized, adopted only the cities and villages law as in effect in 1937, and not the revised law later enacted; or, (2) in the alternative, that if its levy is governed by the revised act, the provision for municipalities under 500,000, which governs in all the cities of the district, should be applied, rather than the provisions

pertaining to the city of Chicago, which is not in the district and is the only city in the county and State to which the larger provision applies. In either event, appellee adopts the position that its levy was adopted well within the legal time limit.

Our first consideration is directed to the contention that the 1937 sanitarium act adopted only the Cities and Villages Act as it existed in 1937. Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provision adopted, the effect is the same as if the statute or provisions adopted had been incorporated bodily into the incorporating statute. Such adoption takes the statute as it exists and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. (*Culver* v. *People ex rel. Kochersperger,* 161 Ill. 89; *Davison* v. *Heinrich,* 340 Ill. 349; *Hassett* v. *Welch,* 303 U.S. 303; *Calumet Foundry & Mach. Co.* v. *Mroz,* 79 Ind. App. 305, 137 N.E. 627.) But when an adopting statute makes no reference to a particular statute, or part thereof, by its specific title or otherwise, but refers to the law generally which governs a particular subject, the reference in such case includes not only the law in force at the date of the adopting act but also all subsequent laws on the particular subject referred to, so far at least, as they are consistent with the adopting act. (*Culver* v. *People,* 161 Ill. 89; *Davison* v. *Heinrich,* 340 Ill. 349; Amer. Jur. vol. 50, p. 59.) The 1937 sanitarium act, the adopting statute in this case, does not refer to the Cities and Villages Act by its specific title, nor does it adopt any particular paragraph or section of the law then in effect. Rather it refers to the law generally when it says that sanitarium district taxes shall be levied in the same manner as taxes are levied for city and village purposes. Application of the rules of statutory construction quoted above, readily indicates that the Revised Cities and Villages Act of 1941 is the law to be followed by sani-

tarium districts making levies under the sanitarium act of 1937, unless the terms of the revised act are now inconsistent with the sanitarium act.

Which of the classifications for levy of taxes made by the Revised Cities and Villages Act of 1941 governs the district here? We are asked by appellants to apply the provisions relating to municipalities of over 500,000 population, because the district's population exceeds that figure. When the legislature revised the Cities and Villages Act by putting the time in which a municipality could levy and collect taxes on a population basis, it did not make a similar amendment of the 1937 sanitarium act. Nor is there any express language in the 1941 act which shows a specific legislative direction that the terms of the act embrace a district such as appellee. A "municipality," the word used in the act when differentiating between cities and villages on a population basis, is defined as "a city, village or incorporated town." The act then specifically provides that the word "municipality" does not include "* * * a park district, sanitary district, or any other similar governmental district." A reading of article 16 of the 1941 act, (Ill. Rev. Stat. 1947, chap. 24, art. 16,) in its entirety, discloses a legislative plan and intent to have the city of Chicago as the only city to be governed by the provisions relating to cities of over 500,000 population. The paragraphs in that section which fix the different tax levy dates for the classes of municipalities are followed with additional provisions relative to special matters in municipalities of the larger class, which can only affect the city of Chicago. The differentiation of municipalities on a population basis for purposes of levy was necessitated by prior laws which had also made classifications according to population and created tax problems peculiar only to cities and villages. If the legislature had desired to divide tuberculosis districts organized under the 1937 act into classes based on population for the purpose of levying taxes, we presume they would

have amended the organization law to so provide. The territory comprising a tuberculosis district formed in a county, or part thereof, would naturally include both urban and rural communities, and we can see no justification to expand the adopting provision of the 1937 sanitarium law so as to place sanitarium districts into a classification created to provide for a difference in situation peculiar to cities and villages alone. The mere fact that appellee district has over 500,000 population would not of itself, as appellants contend, cause the district to be governed by the levy regulations for the larger class of cities.

In determining which of the provisions of the present Revised Cities and Villages Act is applicable to the district, we must look to the intent of the legislature when it said, in the 1937 act, that sanitarium districts shall levy their taxes "at the same time and in the same manner as taxes are levied for city and village purposes." The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. (*Hoyne* v. *Danisch,* 264 Ill. 467; *Cruse* v. *Aden,* 127 Ill. 231.) We think it was clearly the intent of the legislature that sanitarium district taxes should be levied at the same time and in the same manner as taxes are levied by cities and villages within the sanitarium district, for obvious reasons of convenience to the county authorities and the taxpayer and to prevent piecemeal taxation. In construing an act it is a principle of interpretation that the object must be borne in mind, and language susceptible of more than one construction should receive that which will effect its purpose rather than defeat it. (*People ex rel. Columbia Construction Co.* v. *Hinrichsen,* 161 Ill. 223.) To hold that the legislature intended the district to be governed by a law applicable to a city entirely isolated from the district, and whose time and manner of levying taxes bears no direct relationship to the taxpayers

of the district, would lead to an absurd result. It is a familiar rule of statutory construction that if the language employed admits of two constructions, one of which makes the enactment absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result should be avoided. (*People ex rel. Barrett* v. *West Side Trust and Savings Bank,* 362 Ill. 607; *Burke* v. *Industrial Com.* 368 Ill. 554; *Harding* v. *Albert,* 373 Ill. 94.) In this particular case, it is not the language of the 1937 sanitarium act which admits of two constructions but rather the subsequent revision of the Cities and Villages Act, which it adopted, that causes it to be susceptible of two constructions. Reason itself, and the original intent of the legislature, dictates that sanitarium districts be governed in their time and manner of levying taxes by the law applicable to the cities and villages within them. Since all of the individual cities and villages within appellee district come within the class under 500,000 population, the Revised Cities and Villages Act of 1941 permits the district's taxes to be levied in a manner consistent with the original intent of the legislature. If one of the cities in the district were in the class over 500,000 population, we would be forced to hold that the Cities and Villages Act was no longer consistent with the 1937 sanitarium act which adopted it, but such is not the case. For the foregoing reasons, we conclude that the district's levy of August 24, 1948, having been made before the second Tuesday in September of that year, is valid and not subject to appellants' contention.

The last issue, argued strenuously by counsel for both sides, as to whether the action in equity, or the alternative remedy of objecting to the tax in a court of law, was the proper procedure, need not be considered in view of our decision that the tax was a legal one.

The judgment of the circuit court of Cook County is affirmed.