**UNITED STATES of America,**
**Plaintiff,**

v.

**Felix GOMEZ and Clarence Romero,**
**Defendants.**

**Crim. No. 22444.**

United States District Court
D. New Mexico.

Jan. 27, 1966.

John Quinn, U. S. Atty., Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff.

Martin E. Threet, Albuquerque, N. M., for defendants.

BRATTON, District Judge.

The Motion to Dismiss the Information in the above case will be sustained.

The Information is brought under the provisions of Title 18, United States Code, Section 1153, as amended May 24, 1949. It purports to charge the defendants with the crime of burglary as defined according to the laws of the State of New Mexico in Section 40A–16–3 N.M. S.A.1953, as amended. Title 18, U.S.C., Section 1153 provides:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court.

"As used in this section, the offense of burglary shall . be defined and

punished in accordance with the laws of the State in which such offense was committed."

The third paragraph of the above statute relating to the definition and punishment of burglary is limited to the laws of the several states in force at the time of its enactment. United States v. Paul, 6 Pet. 141, 8 L.Ed. 348; Hollister v. United States, 145 F. 773, 8 C.C.A. March 16, 1906. The statute was amended in 1949 and is considered as re-enacted as of that year.

In addition to the narrow statutory determination of a penal statute directed by the above cases, a consideration of the entire statute, 18 U.S.C., Section 1153 leads to the same result.

In the first paragraph it is provided that any Indian who commits certain offenses within Indian Country shall be subject to the same laws and penalties as all other persons committing any of the said offenses, within the exclusive jurisdiction of the United States. Among the enumerated offenses is burglary. The only law and penalty pertaining to burglary within the exclusive jurisdiction of the United States is found in the Assimilative Crimes Act, Title 18, United States Code, Section 13. The entire Criminal Code, Title 18, was revised, codified and enacted into positive law in 1948, 62 Stat. 683 et seq. In that enactment, Section 13 was amended to provide that the crimes covered thereby should be governed by the laws of the various states in force at the time of the act or omission.

Section 1153 was enacted as a part of the same codification in 1948 and was amended, and therefore re-enacted, in 1949. If a prospective assimilative result had been intended as to the crime of burglary, the third paragraph of the statute dealing with burglary would have been omitted as surplusage. By application of the Assimilative Crimes Act, a prospective assimilative result has followed as to the crime of incest under Section 1153; United States v. Davis, D.C.N.D., 1957, 148 F.Supp. 478.

To give the entire statute meaning, and following the statutory construction directed by the two above cited cases, it follows that the third paragraph of Title 18, U.S.C., Section 1153, relating to the definition and punishment of burglary is limited to the laws of the states in force at the time of its enactment.

There being no law of New Mexico in effect at that time defining a crime of burglary as it is charged in the Information, the Motion to Dismiss the Information is well taken and will be sustained.