WENNING ET AL. *v.* TURK ET AL.

[No. 11,361. Filed June 8, 1921.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Scope and Application.*—The Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) within the scope of its operation is exclusive, and no rights are conferred, or no benefits derived therefrom, except such as are specifically provided therein, and the persons by whom such rights are to be exercised are limited to those named in the act. p. 358.

2. MASTER AND SERVANT.— *Workmen's Compensation Act.— Right to Compensation.— Death of Injured Employe.—* The right of an injured employe to compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.*

Burns' Supp. 1921) is not a right which in the absence of a statute so providing, upon his death passes to his heirs or personal representatives. p. 358. ,

3. MASTER AND SERVANT.— Workmen's Compensation Act.— Death of Injured Employe.—Employer's Liability for Compensation.—In the absence of a statute to the contrary, the employer is only required to pay compensation up to the death of the injured employe. p. 359.

4. MASTER AND SERVANT.— Workmen's Compensation Act.— Death of Injured Employe.— Compensation Accruing after Death.—Liability of Employer.—Under §36 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1921), providing that, where an employe dies from causes other than the injury- for which he is receiving compensation, payment of the "unpaid balance" shall be made to next of kin dependent upon him for support, the next of kin of an injured employe who dies from causes other than the one for which he has been allowed compensation, are entitled to an award directing that the unpaid balance of the compensation accruing after the death of the employe be paid to them. p. 359.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Bettie Turk and another against William Wenning and Robert Kirk, partners, and another. From an award for applicants, the defendants appeal. Affirmed.

Romney L. Willson, Russell Willson and J. S. McElroy, Jr., for appellants.

Wilmer T. Fox, for appellees.

McMAHAN, J.—This is an appeal from an award of the Industrial Board. The record shows that Robert Turk, an employe of appellants at a weekly wage of $18.42, received an injury which resulted in the loss of an eye. Soon thereafter he and appellants entered into an agreement whereby appellants agreed to pay him a weekly compensation of $5.80 for 150 weeks. This agreement was never approved by the Industrial Board, but compensation was paid under it from August 18, 1918, to February 22, 1921, a period of seventy-nine

weeks. Mr. Turk died March 20, 1921, from causes other than the injury for which compensation had been paid. He left surviving, as his only heirs, appellees, Bettie Turk, his widow, and Lola Turk, a child aged five years. On their application for an award the board found a mistake had been made in the agreement for compensation, and that Mr. Turk was entitled to compensation at the rate of $10.13 per week instead of $5.80, and awarded them a weekly compensation of $4.33 for seventy-nine weeks beginning August 18, 1918, and seventy-one weeks additional compensation at the rate of $10.13 per week, and ordered that appellants should be given credit upon such award for any compensation paid since the hearing before the single member of the board in November, 1921. It appears that appellants have paid appellees $342.07, that being compensation at the rate of $4.33 per week for seventy-nine weeks. In addition to said $342.07, there was $37.62 due Mr. Turk for compensation for the period from February 22, 1921, to March 20, 1921, the date of his death, which amount has also been paid to appellees.

Appellants concede that appellees were entitled to be paid all compensation due at the death of the employe, but they contend that the right to compensation ended with the death of Mr. Turk and appellees are not entitled to any compensation for the balance of the 150 weeks for which the employe would have been entitled to compensation if he had not died.

Section 36 of the Workmen's Compensation Act, §8020t Burns' Supp. 1921, Acts 1919 p. 158, reads as follows: "When an employe receives or is entitled to compensation under this act for an injury, and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support."

Appellants contend that the words "unpaid balance of compensation" as used in this section must be construed to mean compensation actually due the injured employe at the date of his death, and that it does not apply to the weekly installments of compensation that would have been paid to the employe had he lived.

Section 31 of the Workmen's Compensation Act, §8020o1 Burns' Supp. 1921, Acts 1919 p. 158, provides that the employe shall receive, in lieu of all other compensation on account of his injuries, a weekly compensation of fifty-five per cent. of his weekly wages for the period of 150 weeks for the loss of an eye.

Appellants contend that the law only required them to pay compensation to the date of the employe's death, and that the award for compensation subsequent to his death is contrary to law.

The Workmen's Compensation Act within the scope of its operation is exclusive. No rights are conferred, no benefits derived therefrom, except such as are

1. specifically provided therein. The persons by whom such rights are to be exercised are limited to those named in the act. *Ray* v. *Industrial Ins. Com.* (1917), 99 Wash. 176, 168 Pac. 1121, L. R. A. 1918F 661. The compensation for which provision is made in §31 of the Workmen's Compensation Act, *supra,* of this state is to be made to the injured employe. Section 17 of the act, Acts 1915 p. 392, §8020a1 Burns' Supp. 1921, provides that: "No claim for compensation under this act shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors."

The right of an injured employe to compensation is not such a vested right, that, in the absence of statute survives upon the death of the employe. Such

2. right does not on the death of the employe, pass to his heirs or personal representatives. *Lahoma Oil Co.* v. *State Indus. Com.* (1918), (Okla.) 175 Pac.

836, 15 A. L. R. 817; *Erie R. Co.* v. *Callaway* (1917), 91 N. J. Law 32, 102 Atl. 6; *In re Murphy* (1916), 224 Mass. 592, 113 N. E. 283; *Wozneak* v. *Buffalo Gas Co.* (1916), 175 App. Div. 268, 161 N. Y. Supp. 675; *Duffney* v. *A. F. Morse Lumber Co.* (1919), 42 R. I. 260, 107 Atl. (R. I.) 225, 15 A. L. R. 810. To the contrary, see *State, ex rel.* v. *Industrial Commission* (1915), 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916D 944, Ann. Cas. 1917D 1162.

3. In the absence of a statute to the contrary, the employer is only required to pay compensation up to the death of the injured employe.

Appellees base their claim to the unpaid balance of the compensation accruing after the death of the injured employe on §36, *supra.* Appellants, however, insist that the "unpaid balance of compensation" must be construed to mean the unpaid

4. balance due when the injured employe dies, and that it has no reference to the installments that would have become due and payable to the employe had he not died. In this connection appellants call attention to §37 of the Compensation Act, (Acts 1919 p. 158, §8020u1 Burns' Supp. 1921) and argue that the legislature certainly did not intend that the "next of kin" of an employe, who dies from causes other than the injury for which compensation was being paid, should receive more than the dependents of such employe would have received if the injured employe had died from the injury itself. Said §37, *supra,* provides that: "When death results from the injury within three hundred weeks, there shall be paid a weekly compensation * * * during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased, on account of the injury in equal shares, to all dependents of the employee wholly dependent upon him for support at the time of the death. * * *"

There is nothing ambiguous about said §36, *supra.* There is nothing in it that calls for judicial construction. We are not at liberty to read into the statute the words "due at the time of the death of such employe" as we would have to do in order to have it read as appellants contend. The situation presented by these two sections is anomalous, but it is a matter for legislative enactment rather than judicial interpretation. We are strongly impressed with the language used in *City of Pittsburgh* v. *Kalchthaler* (1886), 114 Pa. St. 547, 7 Atl. 921, quoted in *Kunkalman* v. *Gibson* (1908), 171 Ind. 503, 510, 84 N. E. 985, 987, 86 N. E. 850, wherein it is said:

" 'We think it is always unsafe to depart from the plain and literal meaning of the words contained in legislative enactments out of deference to some supposed intent, or absence of intent, which would prevent the application of the words actually used to a given subject. Such a practice is really substituting the theories of a court, which may, and often do, vary with the personality of the individuals who compose it, in place of the express words of the law as enacted by the lawmaking power. It is a practice to be avoided. It has been condemned by many text-writers and by many courts. Occasionally it has been departed from, but the path is a devious and a dangerous one, which ought never to be trodden, except upon considerations of the most convincing character and the gravest moment.'"

In *Alabama, etc., Co.* v. *Tisdale* (1903), 139 Ala. 250, 36 So. 618, the court had occasion to construe the words "unpaid balance" as used in the mechanic's lien law, §2723 of the Code, which declares that liens of persons furnishing material to the contractor "shall extend only to the amount of any unpaid balance due the contractor by the owner or proprietor, and such * * * material-men shall also have a lien on such unpaid bal-

MAY TERM, 1922. 361

Pittsburgh, etc., R. Co. v. Nichols, Admr.—78 Ind. App. 361.

ance," and it was held that "unpaid balance" meant any sum of money due or to become due to the contractor under the contract.

We hold that where an injured employe dies from causes other than the one for which he has been allowed compensation, the next of kin are entitled to an award directing that the unpaid balance of the compensation accruing after the death of the employe be paid to them.

The award is therefore affirmed.