## STEVENS v. MARION MACHINE, FOUNDRY AND SUPPLY COMPANY.

[No. 11,110. Filed December 2, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Total Disability.*—*One-Eyed Workmen's Loss of Eye.*—*Compensation.* —An employe who had permanently lost the vision of one eye previous to his employment, and who subsequently suffered the loss of his remaining eye by accident arising out of and in the course of his employment, is not entitled to compensation for total disability under §29 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l. *et. seq.* Burns' Supp. 1918), but can recover only for the permanent loss of sight of one eye under §31 of the act, *supra.* pp. 30, 31.

2. STATUTES.—*Constructions.*—*Specific and General Provisions.* —In the construction and application of a statute, specific provisions take priority over general provisions. p. 31.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Questions of Fact.* — *Total Disability for Work.* — *Blindness.* — Whether total blindness in a particular case amounts to "total disability for work," within §29 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918), is a question of fact. p. 32.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by W. H. Stevens against the Marion

Machine Foundry and Supply Company, in which defendant filed a petition for review on account of change of condition. From an award for defendant, the applicant appeals. *Affirmed.*

*Van Atta & Clawson,* for appellant.

*Joseph W. Hutchinson,* for appellee.

DAUSMAN, C. J.—When eleven years of age the appellant lost permanently the vision of his right eye by an accident. On February 16, 1919, being then forty-eight years of age, while in the employment of the appellee, he received an injury by accident, arising out of and in the course of his employment, which resulted in the permanent loss of his left eye. On March 4, 1919, the parties entered into a compensation agreement, by the terms of which the employer agreed to pay compensation "at the rate of $10.53 per week during total or partial disability, not exceeding 500 weeks." The agreement was duly approved by the Industrial Board, and compensation was paid in accordance with the agreement until January 13, 1921, at which time the employer refused to make further payments. Thereupon the employe filed with the Industrial Board his complaint, by which he sought a continuation of the compensation on the ground that the injury resulted in permanent total disability. The employer then filed a petition for a review on account of a change in condition. After a hearing, the full board made a finding of facts. So much of the finding as is essential to the determination of the question here presented, is as follows:

"That under said agreement the defendant has paid to the plaintiff 100 weeks' compensation at the rate of $10.35 per week; that after entering into said agreement, the plaintiff's injury resulted in total and permanent loss of the vision of his left eye."

The board ordered that the plaintiff take nothing by his complaint; that the defendant's petition to review on account of a change in conditions be granted; that the compensation liability of the employer to the employe be terminated; and that the plaintiff pay the costs of the proceeding.

The statute in force at the time of the accident contains the following provision:

"For injuries in the following schedule the employe shall receive in lieu of all other compensation, a weekly compensation equal to fifty-five per cent. of his average weekly wages for the periods stated, * * *, respectively, to wit: .

"(d) * * * For the permanent and irrecoverable loss of the sight of one eye, or its reduction to one-tenth of normal vision with glasses, one hundred weeks." Section 31, Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918).

The foregoing provision is specific and arbitrary. We have a case, then, wherein the workman lost permanently the sight of one eye, and under the statute he is entitled to compensation for a period of 100 weeks and no more.

Counsel for the appellant contend that on the facts of this case the workman is entitled to compensation under §29, Acts 1915 p. 392, *supra,* which provides generally that where the injury causes total disability, compensation shall be paid during the period of total disability, not to exceed however 500 weeks. The contention rests on the proposition that the workman, having permanently lost the sight of one eye in the days of his youth, it necessarily follows that the permanent loss of the sight of his other eye, by the industrial accident, resulted in permanent total disability for work. The contention cannot be sustained. The compensation plan is a legislative venture; and of

course, those who are entrusted with the administration of it, can do nothing other than ascertain and

2.  execute the legislative intent. The rule is fundamental that in the construction and application of a statute specific provisions take priority over general provisions.

The concluding sentence of §31, *supra,* following the schedule of specific injuries, declares:

"In all other cases of partial disability  *  *  *

1.  compensation, in lieu of all other compensation, shall be paid and in the amount determined by the Industrial Board," etc.

That language indicates unmistakingly that the legislature regarded the several injuries mentioned in the schedule as injuries which of themselves naturally result in partial disability only, and would not result in total disability in the absence of complications. In the case at bar the injury resulted in "the permanent and irrecoverable loss of the sight of one eye" and nothing more. It is inaccurate to say that the injury resulted in total blindness. The industrial injury plus the injury received in childhood resulted in total blindness. Evidently the legislature acted on the basis that normally a man has two eyes, either one of which is capable of supplying some light to the body; and that the loss of one constitutes a partial impairment only. This interpretation is supported by the fact that this feature of the statute has been amended to provide compensation for 500 weeks where the loss of the sight of both eyes results from the same accident. Evidently the legislature did not intend that an industry should be chargeable on account of an injury to an eye which occurred long before the workman came to that industry.

It should be specially noted that the board has not found that the workman's injury resulted in "total disability for work." The appellant has not questioned

32     APPELLATE COURT OF INDIANA,

City of Jeffersonville v. Jeffersonville School Tp.—77 Ind. App. 32.

the finding. Whether total blindness in a given
3. case does or does not amount to "total disability
for work" is, in this jurisdiction, a question
of fact. Since the board has not found that the injury
resulted in "total disability for work," the case does
not come within §29, *supra*.

The award is affirmed.