### SMITH ET AL. v. CITY OF BLUFFTON.

[No. 11,753.    Filed December 7, 1923.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Death of Dependent.—Lapse of Compensation.*—The right of a dependent to compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) is not such a vested right as, on the death of the dependent, passes to the heirs or personal representative of the dependent. p. 576.

2. MASTER AND SERVANT.— *Workmen's Compensation Act.— Death of Dependent.—Lapse of Compensation.*—Under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 Burns' Supp. 1921) dependency is a prerequisite to receiving compensation, on the death of an employe, and, when it ceases, compensation ceases, no compensation being provided except for the injured employe or, in case of his death, for his dependents. p. 576.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act. An award was made in favor of Mary E. Smith, widow of the employe, and Mary J. Smith, a minor child. The widow died and the defendant filed a petition for a review of the award because of the change of conditions. From an award denying further compensation than the amount due at the date of the widow's death, her administrator and the child appeal. *Affirmed.*

*A. W. Hamilton* and *Fred A. Wiecking,* for appellants.

*Turner, Adams, Merrell & Locke* and *Paul E. Beam,* for appellee.

NICHOLS, J.—Action before the Industrial Board. An award had formerly been made to appellant Mary J. Smith, a minor child, and Mary E. Smith, wife, sole dependents of Milton J. Smith, who was killed while in the employment of appellee. On August 18, 1921, Mary E. Smith qualified as guardian of Mary J. Smith, minor, and received the award. Mary J. Smith became eighteen years of age on November 15, 1922, and Mary E. Smith died on November 27, 1922. Appellee filed a petition with the Industrial Board on January 13, 1923, for a review of the award on account of the change in conditions as above set out. Sanford Smith, as administrator of the estate of Mary E. Smith, deceased, filed on April 13, 1923, an intervening petition as such administrator, claiming the residue of the said award as due the heirs at law of Mary E. Smith, deceased. From an award of the Industrial Board in favor of appellee denying further compensation than $36.09 due at the date of the death of Mary E. Smith, appellants appeal.

There is but one question presented for our consideration:  Did the award to Mary E. Smith terminate with her death, November 27, 1922, or did it survive to her legal or personal representatives?

Appellants, contending that there is a vested interest in the award, cite, to sustain their contention, *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 135 N. E. 665.  In that case there was the death of an injured employe who was receiving compensation, the death being from a cause other than the injury.  He left surviving him his widow and a child five years of age as his dependents.  After quoting §36 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) which is as follows: "When an employe receives or is entitled to compensation under this act for an injury and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support," the court says:  "The right of an injured employe to compensation is not such a vested right, that, in the absence of statute survives upon the death of the employe.  Such right does not on the death of the employe, pass to his heirs or personal representatives." Appellant contends that, because the word "dependent" is omitted from the court's holding, the award went without limitation to the next of kin, and that, by applying the principle announced to this case, the award would go to the next of kin without limitation, and to the administrator as the representative.  But the holding in that case was with reference to the circumstance there being considered.  The next of kin were dependents.  The same case states the principle that must govern here.  It is there said that: . "The right of an injured employe to compensation is not such a vested right, that, in the absence of statute survives upon the

death of the employe. Such right does not upon the death of the employe, pass to his heirs or personal representatives." So, here, the right of a dependent to compensation is not such a vested right in the absence of a statute as on the death of the dependent passes to the heir or personal representative. The Workmen's Compensation Act (Acts 1915 p. 392, *supra*), within the scope of its operation, is exclusive. No rights are conferred, and no benefits are derived therefrom except as therein provided. No compensation is provided, except for the injured employe, or, as here, for his dependents. Dependency is the prerequisite to receiving compensation, and, when it ceases, compensation ceases.

The award is affirmed.