McGLAUGHLIN *v.* GENERAL AMERICAN TANK CAR CORPORATION.

[No. 13,994. Filed April 22, 1930.]

*Dominic P. Sevald* and *Mariann K. Sevald,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

LOCKYEAR, J.—This is an appeal from the Industrial Board.

The facts were stipulated between the parties as follows: That on November 10, 1926, one Grant Mc-Glaughlin was in the employ of the defendant at its manufacturing plant in East Chicago, in Lake County, Indiana, and earning a weekly wage in excess of $24; that on November 10, 1926, Grant McGlaughlin received a personal injury to his left ankle by an accident arising out of and in the course of his employment with defendant; that defendant had actual knowledge of the accident and injury at the time of its occurrence and provided the said Grant McGlaughlin with an attending physician; that, as a result of said injury, he was wholly disabled for work continuously from the time of his injury until the time of his death; that Grant Mc-Glaughlin filed his claim with the Industrial Board of Indiana against the defendant, and the Industrial Board entered an order awarding to said Grant Mc-Glaughlin against the defendant compensation for said injury at the rate of $13.20 per week, beginning as of November 18, 1926, and to continue during the period of the total disability of said Grant McGlaughlin resulting from said injury, not exceeding $5,000 in amount, from which award the defendant hereto appealed to the Appellate Court of Indiana, which award was affirmed; that the defendant paid to Grant McGlaughlin during his lifetime under said award the sum of $1,803.78, as compensation for said injury, the same being at the rate of $13.86 per week for 130 and one-seventh weeks, the compensation accruing under said award to and including May 15, 1929; that said Grant McGlaughlin's sole injury on which said award was made was an injury to his left leg at the ankle joint, and, prior to his death, said leg was amputated between the ankle joint and the knee

and the healing time for said amputation had expired before his death; that Grant McGlaughlin died on March 25, 1929, from causes other than said injury, and from causes other than the amputation of the leg; that the said parties did not stipulate on the subject of the dependents of said Grant McGlaughlin, but left such question of the existence of dependents, if any, and their identity, to the proof of this cause.

The Board found the facts as stipulated, and also found that, at the time of his death, Grant McGlaughlin was entitled to an award for 150 weeks from the loss by amputation of his left leg below the knee; that May 15, 1929, and at the time of his death, there remained unpaid compensation, and to which said deceased was entitled, 19 and six-sevenths weeks at the rate of $13.20 per week; that said Grant McGlaughlin left as his sole dependent and who was his next of kin, his widow, Daisy McGlaughlin, who was residing at the time of his death with him and wholly dependent upon him for support and maintenance.

The Board, on the above facts, made the following award: "It is therefore considered and ordered by the full board of Indiana that the plaintiff, Daisy McGlaughlin, be and she is hereby awarded compensation as against the defendant, General American Tank Car Corporation, at the rate of $13.20 per week for a period of 19 and six-sevenths weeks beginning on May 25, 1929 subject to the period of plaintiff's dependency"; and that all deferred payments of compensation be paid in cash and in a lump sum.

The statutes in force at the time McGlaughlin received his injury, and which are applicable herein, are as follows:

"Where the injury causes total disability for work, there shall be paid to the injured employee during such total disability, but not including the first seven days

thereof, a weekly compensation equal to fifty-five per cent of his average weekly wages for a period not to exceed five hundred weeks." §9474 Burns 1926.

"The employee shall receive, in lieu of all other compensation on account of said injuries, a weekly compensation of fifty-five per cent of his average weekly wages for the periods stated, for said injuries respectively, to wit: (a) amputations: For the loss by separation . . . of the foot below the knee joint one hundred and fifty weeks." §9476 Burns 1926.

"Death from other cause after injury. When an employee receives, or is entitled to compensation under this act for, an injury, and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support." §9481 Burns 1926.

Appellant assigns as error: (1) The order and award of the full Industrial Board is contrary to law; (2) the Board erred in the assessment of amount of recovery, in this, the amount is too small.

It is the contention of appellant that whereas, as a result of the injury, the said Grant McGlaughlin was wholly disabled for work continuously from the time of the injury until the time of his death, and was at said time receiving an award for temporary total disability, compensation for that cause did not cease at death, which was occasioned from some other cause.

In the case of *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 131 N. E. 228, the court said: "The maximum compensation period for total disability is fixed definitely by the law; but the actual compensation period for total disability may terminate at any time before the maximum limit has been reached—depending upon the condition of the injured workman. His complete or partial recovery, *or his death* (our

italics) within the maximum period would bring to an end the actual compensation period for total disability."

In the case of *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 135 N. E. 665, it was held, where an employee was injured and entitled to compensation for 150 weeks, but died from a cause other than the injury, after having received compensation for 79 weeks, that his dependents next of kin were entitled to the remaining 71 weeks' compensation.

*City of Milwaukee* v. *Industrial Comm.* (1924), 185 Wis. 307, 201 N. W. 251, cited by appellant, is based upon a statute of Wisconsin (subd. 4, Sec. 102.09 Stats. 1923), which provides that if death occurs to an injured employee other than as a proximate result of the accident before disability indemnity ceases, death benefits shall exist for such benefit as shall fairly represent the proportionate extent of the impairment of earning capacity in the employment in which the deceased was working at the time of the accident or other suitable employment, caused by such disability. The law of Indiana has no such provision.

In the case of *Smith* v. *City of Bluffton* (1923), 80 Ind. App. 574, 141 N. E. 532, which was an appeal from an award of the Industrial Board denying further compensation than $36.09, due at the date of the death of one Mary E. Smith, it was held that the right of a dependent to compensation is not such a vested right, in the absence of a statute, as, on the death of the dependent, passes to the heir or personal representatives.

In this case, we hold that, whereas Grant McGlaughlin died from causes other than the injury for which he was receiving compensation, the total amount due this appellant was for the 19 and six-sevenths weeks remaining of the total of 150 weeks for injury resulting in the amputation of the foot below the knee joint. The amount of the award was for that period.

The award is affirmed.