WEBER MILK CO. *v.* DUNN.

[No. 16,634.   Filed November 12, 1940.]

464

*William E. Hart* and *White, Wright & Boleman,* all of Indianapolis, for appellant.

*John J. McShane,* of Indianapolis; and *Vernon & Vernon,* of Martinsville, for appellee.

STEVENSON, J.—Ernest C. Dunn, while in the employ of the appellant, was injured by being run over by a wagon. This accident occurred on March 22, 1926. Thereafter he was paid compensation for temporary total disability for a period beginning March 29, 1926, until July 13, 1926. On July 12, 1927, he filed with the Industrial Board an application for a review of his claim on account of a change in conditions, alleging that his injuries had resulted in a permanent partial impairment. No hearing was ever had nor was any action taken on this petition until after February 27,

1939, on which date Ernest C. Dunn died from self-inflicted injuries.

On the 8th day of January, 1940, Henrietta Dunn, widow and sole dependent of Ernest C. Dunn, deceased, filed her motion to be substituted as party plaintiff in the petition then pending before the Industrial Board which had formerly been filed by Ernest C. Dunn on July 12, 1927. This motion was granted and upon a hearing the board found that the said Ernest C. Dunn, by reason of the alleged injury had suffered a 50 per cent permanent impairment and compensation was awarded to the appellee Henrietta Dunn for 250 weeks. It is from this award that the appellant has appealed, assigning as error that the said finding and award is contrary to law.

In support of this assignment, the appellant contends that the Industrial Board had no authority to substitute the appellee, Henrietta Dunn, as party plaintiff to the petition filed by her deceased husband for a review of his award on account of a change in conditions, and that the only right that the appellee, Henrietta Dunn, possessed after the death of her husband was an independent right of recovery which she should prosecute in her own name as such widow. This contention calls for the interpretation of § 36 of the Workmen's Compensation Act, which reads as follows: "When an employee has been awarded or is entitled to an award of compensation for a definite period under this act for an injury, and dies from any other cause than such injury, payment of the unpaid balance of such compensation, not exceeding 300 weeks, shall be made to his dependents as defined in section 38 hereof." § 40-1401, Burns' 1933.

It is clear that the said Ernest C. Dunn during his

lifetime was the only one who could properly present and prosecute his claim for a review of the award ■ on account of a change in conditions. This right which he had to prosecute this claim was not such a vested right as survived upon his death. The right to prosecute this claim did not pass to his heirs or personal representatives upon his death. *Smith* v. *City of Bluffton* (1923), 80 Ind. App. 574, 141 N. E. 532; *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 135 N. E. 665. Since the personal representatives or next of kin could not be substituted as parties plaintiff to prosecute this claim, did the Industrial Board err in permitting the widow to be so substituted?

It would seem clear from a reading of the above statute that the Legislature intended that some one should prosecute the claim if the injured employee ■■ died from causes other than the injury and left pending a claim for an award to which he was entitled. This right to collect compensation which he had inures by virtue of this statute to his dependent widow and it is clear that she, by virtue of the right conferred upon her, is entitled to prosecute this claim. Any other interpretation would render the above statute meaningless. It would clearly be an anomalous situation to hold that where a workman who had a claim pending for compensation died from causes other than the injury, his widow, as a dependent, should be barred from prosecuting such claim to a final award when the statute has conferred upon her the right to collect such benefits. While the appellee Henrietta Dunn could doubtless have filed an independent petition setting up the facts which gave rise to her cause of action, we see no particular objection to permitting her to be substituted as the real party in interest for the prosecution of her deceased husband's claim. It is our opinion

therefore that the Industrial Board did not err in permitting the said Henrietta Dunn to be so substituted.

The appellant further contends that the appellee, Henrietta Dunn, is precluded from recovering benefits under the express provisions of the Workmen's Compensation Act because the death of Ernest C. Dunn did not occur within 300 weeks from the date of his injury. In support of this contention our attention is called to § 37 of the Workmen's Compensation Act, the same being § 40-1402, Burns' 1933. This section provides generally that when death results from an injury within 300 weeks, compensation shall be paid in equal shares to all dependents of the employee for the remaining part of the 300 weeks period for which compensation had not already been paid. The appellant argues, therefore, that to permit the appellee to recover in this case under the provisions of § 36 of the Workmen's Compensation Act is to entitle her to a greater compensation than she could have recovered had the injured workman died as a result of the injury. The appellant argues further that since the said Ernest C. Dunn did not die as a result of the injury within 300 weeks from the date thereof, his widow is not entitled to recover any sum. While it is true that in this particular case the widow of the injured employee is entitled to recover a greater sum than she would have recovered had her husband died as a result of the injury at any time within the last 250 weeks of the 300 weeks period following the date of injury, yet this fact alone does not persuade us that the appellant's position is correct. As was said by this court in the case of *Wenning* v. *Turk, supra,* page 360, where §§ 36 and 37 of the Workmen's Compensation Act were being discussed, "The situation presented by these two sec-

tions is anomalous, but it is a matter for legislative enactment rather than judicial interpretation.''

While it is true that the Workmen's Compensation Act makes no provision for the payment of compensation for death of an injured employee which ■ results from the accident after 300 weeks, yet it does not follow that the dependents are left without remedy in every instance. Section 36 of the Act above quoted (§ 40-1401, Burns' 1933) was intended to provide compensation for any loss or impairment suffered by such injured workman during a 300 weeks period. This right to compensation if not exercised by the injured employee may be exercised by his dependents.

The appellant further contends that the evidence is insufficient to support the finding of the Industrial Board that the appellee's deceased suffered a ■ fifty per cent permanent impairment as a result of such injury. We have read the evidence on this question and, without setting forth in detail the nature and extent of the injuries suffered by Ernest C. Dunn, we deem it sufficient to say that we think the evidence justified such finding.

For the reasons above stated, it is our opinion that the award of the Industrial Board was not contrary to law and the award is accordingly affirmed.

The award is affirmed with the usual five per cent statutory penalty.

NOTE.—Reported in 29 N. E. (2d) 797.