J. W. JACKSON REALTY COMPANY *v.* HERZBERGER.

[No. 16,915. Filed March 24, 1942. Rehearing denied May 8, 1942.]

*James V. Donadio* and *R. Stanley Lawton,* both of Indianapolis (*Ross, McCord, Ice & Miller,* of Indianapolis, of counsel), for appellant.

*J. B. Kammins,* of Indianapolis, for appellee.

BEDWELL, P. J.—This appeal involves the question of the amount of compensation that should be paid an injured employee for the permanent reduction of the sight of the right eye where the vision of his left eye has never been more than one-tenth of normal with glasses, due to a congenital defect since birth.

All the facts were stipulated, and the part of such stipulation bearing upon the question for determination is as follows:

"It is further stipulated and agreed that said injury consisted of a perforation of plaintiff's right eye and a wound extending across the cornea thereof, and that no other part of plaintiff's body was injured in said accident; that as a result of said injury to plaintiff's right eye the vision of said eye is reduced fifteen (15) per cent, and that said reduction is permanent; and that due to congenital defects in plaintiff's left eye the vision of said left eye has been since birth, and now is, not more than one-tenth (1/10) of normal vision with glasses, and that the vision of said left eye has in no way been affected by the said injury to plaintiff's right eye, and that said left eye has never been injured by any other accident."

The full Industrial Board made a finding which incorporated facts stipulated by the parties, including the above, and upon such finding it awarded the appellee compensation at the rate of eight dollars and eighty cents ($8.80) per week for a period of seventy-five (75) weeks for a fifteen (15) per cent permanent partial impairment to the man as a whole. The appellant has appealed and assigned as error that the finding and award of the full Industrial Board is contrary to law.

The sole question presented for determination is whether the award is in violation of § 31 (§ 40-1303, Burns' 1940 Replacement) of the Indiana Workmen's Compensation Act.

A majority of the full Industrial Board, without other evidence of impairment than the portion of the stipulation heretofore set forth reciting that as a result of the injury to plaintiff's right eye the vision of said eye had been reduced fifteen (15) per cent and that

such reduction was permanent, determined that it should award him compensation for fifteen (15) per cent impairment to the man as a whole. It is appellant's contention that under such facts it was only entitled to award him compensation for the permanent reduction of the sight of an eye for the period proportionate to the degree of such permanent reduction; and that under the provisions of subsection (f) of § 31 this necessarily would be fifteen (15) per cent of one hundred fifty (150) weeks or twenty-two and one-half (22½) weeks, instead of fifteen (15) per cent of five hundred (500) weeks, or seventy-five (75) weeks.

The question of the amount of compensation that should be awarded to an injured employee who had permanently lost the vision of one eye previous to his employment, or in employment by another employer, and who subsequently suffered the total loss of vision of his remaining eye by accident arising out of and in the course of his employment, has been before this court for determination in the following cases: *Stevens* v. *Marion Machine, etc., Co.* (1921), 77 Ind. App. 28, 133 N. E. 23; *Calumet, etc., Machine Co.* v. *Mroz* (1923), 80 Ind. App. 619, 141 N. E. 883; *Cain* v. *Staley Mfg. Co.* (1933), 97 Ind. App. 235, 186 N. E. 265. In each of such cases it was held that the injured employee was not entitled to compensation for total permanent disability, or for permanent partial impairment to the man as a whole; but that he was entitled to compensation under subsection (f) of § 31, providing one hundred fifty (150) weeks compensation for the permanent loss of sight of an eye.

The appellee attempts to distinguish this case by the fact that the injured employee had no vision in the left eye from birth, and that the sight thereof was not lost from accident previous to employment or in other em-

ployment. This fact affords no basis for distinction in the construction of applicable statutory provisions. There is no claim of total disability in the case for determination, so the particular statutory provisions concerning total permanent disability are not here involved. The only question here is whether the injury is compensable under subsection (f) or under subsection (h) of § 31.

If the award of the Industrial Board is sustained, it must be upheld under subsection (h) of § 31. The portion of § 31 that may be of value here is as follows:

"For injuries in the following schedule the employee shall receive in lieu of all other compensation, on account of said injuries, a weekly compensation of fifty-five [55] per cent of his average weekly wages for the period stated for said injuries respectively to wit: . . : (d) For injuries resulting in total permanent disability five hundred [500] weeks. (e) For the loss of both hands, or both feet, or the sight of both eyes or any two of such losses in the same accident five hundred [500] weeks. (f) For the permanent loss of the sight of an eye or its reduction to one-tenth of normal vision with glasses, one hundred and fifty [150] weeks, and for any other permanent reduction of the sight of an eye, compensation shall be paid for a period proportionate to the degree of such permanent reduction. . . . (h) In all *other* cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the industrial board, not exceeding five hundred [500] weeks." (Our italics.) Acts of 1929, ch. 172, § 31, p. 536, § 40-1303, Burns' 1940 Replacement.

The Industrial Board evidently determined that appellee was entitled to compensation under subsection (h). But subsection (h) applies to "other cases" of permanent partial impairment, and not to the perma-

nent partial impairment covered by the specific sched-
ules such as subsection (f). The Industrial Board has,
evidently, determined that the appellee's injury should
be compensated under subsection (h) instead of sub-
section (f) because of the fact that appellee has been
blind in the left eye since birth. The conclusive answer
to this is that there is no statutory authority for such
a determination. The statute, without stating any ex-
ception, specifically provides for the permanent loss of
sight of an eye or the permanent reduction of the sight
of an eye in subsection (f).

The rule concerning liberal construction, in favor of
the appellee, of the compensation law has no applica-
tion in a case where there is no room for con-
struction. Under the rule of liberal construction
in favor of the employee to carry out the humane
purposes of the act, the Industrial Board and this court
are not entitled to distort the law so that compensation
will be granted in violation of specific statutory provi-
sions. There is nothing in the cited cases heretofore
determined by this court that conflicts with this deter-
mination. This determination is sustained by such cases.

The court in *Calumet, etc., Machine Co.* v. *Mroz,*
*supra,* considered § 33 in determining whether the in-
jured employee in that particular case fell within the
provisions of subsection (d) of § 31, which is the sub-
section which provides for injuries resulting in total
permanent disability. There is no contention in this
case that the appellee could be classified as a person
who was totally and permanently disabled.

The award is reversed with direction to the Industrial
Board to modify its award heretofore entered so that
the same shall provide that the appellee recover com-
pensation for a fifteen (15) per cent permanent reduc-
tion of the sight of his right eye, instead of compensa-

tion for a fifteen (15) per cent permanent partial impairment to the man as a whole, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 40 N. E. (2d) 379.