FEDERAL CEMENT & TILE CO. *v.* PRUITT, ADMINISTRATRIX, ETC.

[No. 19,068. Filed December 19, 1957.]

*Hulbert & Marlatt* and *William I. Marlatt,* of Gary, for appellant.

*David Cohen,* of East Chicago, for appellee.

COOPER, J.—This is an appeal from an award made by the Full Industrial Board to one Louise Pruitt as Administratrix of the Estate of William Pruitt, deceased.

The appellee herein has failed to file a brief; however, since the appellee did appear by counsel and personally argue his contentions to the court in oral argument, we will look to the matter upon the merits, rather than to repose our consideration solely upon *prima facie* error apparent from appellant's brief, and the assigned error intended to be urged in this appeal is: "That the award of the Full Industrial Board of Indiana is contrary to law."

All the evidence in this case was stipulated by the parties. The appellee, who was the plaintiff below, is Louise Pruitt, Administratrix of the Estate of William Pruitt, deceased. William Pruitt was employed by the appellant on November 26, 1954, when he was injured in an accident which arose out of and in the course of his employment. The injury was to his left hand and resulted in the amputation of his left index finger. He was off work as the result of this injury from November 26, 1954, through January 3, 1955, during which period the appellant paid him compensation at the rate of Thirty ($30.00) Dollars per week based on his wages of $68.80 per week. Appellant also furnished the necessary medical services. He returned to work January 4, 1955, and continued to work thereafter. On August 1, 1956, he died from a cause other than said injury, leaving no widow or children under eighteen years of age and no dependents within the meaning of the Workmen's Compensation Act. Prior to his death he had never reached any agreement as to any additional compensation to which he might have been entitled, nor did he ever file any claim with the Industrial Board for additional compensation.

Following William Pruitt's death, the appellee, the administratrix of his estate, filed Form No. 10, *Application of Dependents of Deceased Employee To The Industrial Board For the Adjustment Of Claim For Compensation,* alleging that William Pruitt left surviving him as his dependents four daughters and three sons; that he sustained an amputation of his left index finger and a crushing injury of his left middle finger, and that the additional amount claimed as compensation was Thirty ($30.00) Dollars per week for seventy (70) weeks. At the hearing before the single member of the Industrial Board, the single member found that *the employee left surviving him no dependents* and made an award for the defendant. The plaintiff appealed to the Full Industrial Board, which entered an award for the plaintiff for forty (40) weeks compensation at Thirty ($30.00) Dollars for the amputation of the left index finger. The full board found that compensation for said injury should now be paid to his administratrix regardless of the fact that he left no dependents, as required under the Workmen's Compensation Act.

The appellee contends that notwithstanding the fact that the decedent left no dependents of the first, second or third class, as defined by §§40-1401 and 40-1403, Burns' 1952 Replacement, the. Industrial Board had the authority to make an award to the administratrix of the decedent under §40-1701, Burns' 1952 Replacement (1957 Supp.). We cannot agree with this position. *The stipulated evidence in the record before us discloses that the decedent left no widow or children under the age of eighteen and no dependents.* Of course, the mere filling out and filing an application claiming or designating any person as a dependent does not, of itself, sustain the claim of dependency.

It was incumbent upon the appellee to bear the bur-

den of proving every ultimate fact necessary to establish a claim. *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 21 N. E. 2d 65, including the fact of dependency. *School City of Hammond* v. *Moriarity* (1950), 120 Ind. App. 663, 666, 93 N. E. 2d 367; see also 119 Ind. App. 206, 85 N. E. 2d 273.

Applicable sections of the Workmen's Compensation Act pertinent to the question involved in the case before us are found in Burns' Stat., 1952 Replacement, §§40-1401 and 40-1403, as follows:

> "When an employee has been awarded or is entitled to an award of compensation for a definite period under this act . . . for an injury occurring prior to April 1, 1945 and dies from any other cause than such injury, payment of the unpaid balance of such compensation, not exceeding three hundred (300) weeks, shall be made to his dependents as defined in section 38 (§40-1403) hereof; provided that where the compensable injury occurred on and after April 1, 1945, and prior to April 1, 1951, the maximum shall not exceed three hundred and fifty (350) weeks. With respect to any such injury occurring on and after April 1, 1951 the maximum shall not exceed three hundred and fifty (350) weeks for dependents of the second or third class and the maximum shall not exceed five hundred (500) for dependents of the first class."

Section 40-1403, provides as follows:

> "Dependents under this act . . . shall consist of three (3) classes, viz. (1) presumptive dependents, (2) total dependents in fact, and (3) partial dependents in fact. Presumptive dependents shall be entitled to compensation to the complete exclusion of total dependents in fact and partial dependents in fact and shall be entitled to such compensation in equal shares.
>
> "Total dependents in fact shall be entitled to compensation to the complete exclusion of partial dependents in fact and shall be entitled to such compensation, if more than one (1) such dependent exists, in equal shares. The question of total de-

pendency shall be determined as of the time of death.

"Partial dependents in fact shall not be entitled to any compensation if any other class of dependents exist. The weekly compensation to persons partially dependent in fact shall be in the same proportion to the weekly compensation of persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent in fact bears to his average weekly wages at the time of the occurrence of the accident. The question of partial dependency in fact shall be determined as of the time of the occurrence of the accident."

It will be noted that the aforesaid sections of the Act specifically provide that the compensation therein denoted shall be made to his dependents as defined in the Act. Courts as a rule, in determining questions of dependency and who are dependents, resort for a description thereof to an outlining of the elements thereof rather than to a general definition. After the enactment of §40-1701, Burns' 1957 Supp., in 1933, our Supreme Court, in the case of *Russell* v. *Johnson* (1942), 220 Ind. 649, 663, 46 N. E. 2d 219, held that a dependent is one who looks to another for support and maintenance; one who is in fact dependent; one who relies on another for the reasonable necessities of life.

Our review of the Workmen's Compensation Act fails to disclose any provision for the survival of an action for compensation benefits in those cases where the employee leaves no dependents. The appellee cites us to no such provision. We find no provision that any compensation due, or which may be collectible, shall belong or be paid to the personal representative, estate or heirs of a deceased employee, without dependents.

The Workmen's Compensation Act, as our courts

have many times said, is given a liberal construction in favor of the employee, to carry out the humane purposes of the Workmen's Compensation Act, but such construction does not authorize the Industrial Board or this court to judicially legislate or interpret the law so that compensation will be granted without specific statutory provision therefor. See *J. W. Jackson Realty Co.* v. *Herzberger* (1942), 111 Ind. App. 432, 40 N. E. 2d 379.

The Workmen's Compensation Act created a new remedy, unknown to the common law and no rights are created thereby except those specifically provided for therein. This court said in *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 358, 135 N. E. 665:

"The Workmen's Compensation Act within the scope of its operation is exclusive. No rights are conferred, no benefits derived therefrom, except such as are specifically provided therein. The persons by whom such rights are to be exercised are limited to those named in the act."

It has been held that the right to compensation is not such a vested right under the Act, as to survive the employee's death. In *Wenning* v. *Turk, supra,* at page 358, we said:

"The right of an injured employee to compensation *is not such a vested right, that, in the absence of statute survives upon the death of the employee.* Such right does not on the death of the employee, pass to his heirs or personal representatives." (Emphasis supplied.)

Also, in the case of *Smith* v. *City of Bluffton* (1923), 80 Ind. App. 574, 141 N. E. 532, it is said:

" 'The right of an injured employe to compensation is not such a vested right, that, in the absence of statute survives upon the death of the employe. Such right does not upon the death of

the employe, pass to his heirs or personal representatives.' So, here, the right of a dependent to compensation is not such a vested right in the absence of a statute as on the death of the dependent passes to the heir or personal representative. The Workmen's Compensation Act (Acts 1915, p. 392, *supra*), within the scope of its operation, is exclusive. No rights are conferred, and no benefits are derived therefrom except as therein provided. No compensation is provided, except for the injured employe, or, as here, for his dependents. Dependency is the prerequisite to receiving compensation, and, when it ceases, compensation ceases."

More recently this court reiterated the same proposition. In *Weber Milk Co.* v. *Dunn* (1940), 108 Ind. App. 463, 465, 29 N. E. 2d 797, it is held:

"It is clear that the said Ernest C. Dunn during his lifetime was the only one who could properly present and prosecute his claim for a review of the award on account of a change in conditions. *This right which he had to prosecute this claim was not such a vested right as survived upon his death.* The right to prosecute this claim did not pass to his heirs or personal representatives upon his death." (Our italics.)

Award reversed.

Pfaff, J., dissents with opinion.

## DISSENTING OPINION

PFAFF, J.—I can not agree with the majority opinion. It is true that the appellee has failed to file a brief but she did appear before this court by counsel and personally argued her contentions, one of which was that, notwithstanding the fact that the decedent left no dependents as defined by §40-1401 and §40-1403, Burns' 1952 Repl., the Industrial Board had the authority to make an award to the administratrix of the dependent under §40-1701, Burns' 1957 Repl. I believe this to be

sound reasoning. The opinion recites the above quoted sections, except §40-1701, and no mention is made of it except to say that the appellee relies upon it and that this court cannot agree with this position.

I am firmly of the belief that all sections of the Workmen's Compensation Act must be read together and in doing so we go to the definition of "employee" as defined by §40-1701, which reads, in part, as follows:

> "(b) The term 'employee,' as used in this act, . . . . Any reference to an employee who has been injured shall, when the employee is dead, also include *his legal representatives,* dependents and other persons to whom compensation may be payable. . . . ." (Our emphasis)

To deny this appellee compensation, as does this opinion of the court, would, it seems to me, eventually lead to procrastination on the part of the employer to settle or bring to issue all compensation claims against them, upon the supposition that some fatality may befall the employee prior to an award.

I therefore conclude that, in my opinion, the finding of the Full Industrial Board should be affirmed.

NOTE.—Reported in 146 N. E. 2d 557.