239 Ind. 619 (1959)
159 N.E.2d 131
GRETHER
v.
INDIANA STATE BOARD OF DENTAL EXAMINERS ET AL.
No. 29,706.
Supreme Court of Indiana.
Filed June 10, 1959.
Rehearing denied June 30, 1959.
*620 Milford M. Miller and William C. Welborn, both of Evansville, for appellant.
Edwin K. Steers, Attorney General, and Thomas L. Webber, Assistant Attorney General, for appellee.
LANDIS, J.
This is an appeal from a judgment of the Vanderburgh Circuit Court affirming an order of the appellee State Board of Dental Examiners which had revoked appellant's license to practice dentistry in the State of Indiana.
*621 The first contention we shall consider on this appeal is appellant's contention that the court erred in its conclusion of law number three that all the procedural requirements of the Administration Adjudication Act[1] have been fully complied with by appellee, Indiana State Board of Dental Examiners, in such revocation proceedings.
Appellant's contention in substance is that under such statute he was entitled to at least 15 days' notice of such hearing before appellee board but that the notice was served on him only 14 days prior to such hearing contrary to § 25 of such act (Burns' § 63-3025, 1951 Replacement, being Acts 1947, ch. 365, § 25, p. 1451). Appellant had previously raised this question by filing a motion to quash with appellee board under a special appearance but such motion was overruled. Section 25 of the act relied on by appellant is as follows:
"In matters where no order or determination can be made requiring a person to do or refrain from doing an act including, but not in limitation thereof, the issuance of licenses, assessment or determination of taxes or other liability, or the determination of status, any agency may notify the person or persons who will be affected by any initial determination by such agency by registered letter, return receipt requested, or in person, that as a result of an investigation made by such agency a certain determination is recommended, and on the expiration of a time fixed but not less than fifteen [15] days, such determination will be made unless objections are filed within said time...." (Emphasis added.)
Appellee concedes appellant was not given such 15 day notice but contends the 15 day provision above cited does not here apply and urges that the 14 day *622 notice was sufficient under § 6 of the act (Burns' § 63-3006, 1951 Replacement, 1957 Cum. Supp.) which is as follows:
"In all cases in which the agency is the moving party it shall give at least five [5] days notice in writing, by registered or certified mail with return receipt requested, addressed to the person or persons against whom an order or determination may be made at their last known place of residence, or place of business, which notice shall set forth therein a sufficient statement of the matters of fact or law to advise such person of the matters in issue and to be heard or determined by said agency, together with notice of the time and place of such hearing. Said statement may be informal and need not conform to the requirements of a pleading in court. Whenever the hearing involves the claim, averment or complaint of, or is made by, a private person, a copy or the substance thereof shall be included in or exhibited with such notice." (Emphasis added.) Acts 1947, ch. 365, § 6, p. 1451, Acts 1957, ch. 355, § 2, p. 1033.
We are thus confronted with the question as to which of such sections of the Administrative Adjudication Act governs a proceeding to revoke a license to practice dentistry. Our problem in construing the act is not simplified by the vague and irrelevent language of the act which is due to poor legislative draftsmanship and the attempt to have the act applicable to numerous administrative bodies and proceedings not here involved.
Our examination of the two sections above quoted further reveals that the 5 day statute is applicable to cases "... in which the agency is the moving party ..." whereas the 15 day statute indicates it applies "In matters where no order or determination can be made requiring a person to do or refrain from doing an act including ... the issuance of licenses, assessment *623 or determination of taxes or other liability, or the determination of status...."
We are not unmindful of the fact that the 5 day notice provision uses the word "shall" with reference to giving notice while the 15 day notice provision says "may". However, we believe this difference is insignificant as the "may" statute requires the "expiration" of "... not less than fifteen [15] days, ..." which shows a legislative intent that it be mandatory rather than merely permissive.
In applying these two statutes to the case before us we obviously have a conflict between the 5 day statute which is a general statute governing cases where "... the agency is the moving party..." and the 15 day statute which is a specific statute dealing with "... the issuance of licenses, assessment or determination of taxes or other liability, or the determination of status...." This latter subject matter would necessarily in our opinion include the subject of the revocation of licenses.
It should be here noted that the instant proceeding before appellee board was brought on the complaint of two private persons, Lovenia P. Darnell and Nana Riley, allegedly patients of appellant, and it is contended by appellant such parties (rather than the board) were the moving or instituting parties against him.
However, without considering that question, we believe this case is determined by the application of the well settled rule of statutory construction that where general and specific statutes conflict in their application to a particular subject matter, it will be deemed to have been the legislative intent that the specific provisions rather than the general provisions control. See: Straus Bros. Co. v. Fisher *624 (1928), 200 Ind. 307, 316, 163 N.E. 225, 228; Stevens v. Marion Machine, etc. Co., (1921), 77 Ind. App. 28, 31, 133 N.E. 23, 24; City of Elkhart v. Lipschitz (1905), 164 Ind. 671, 675, 74 N.E. 528, 529.
It is therefore our conclusion that these proceedings are governed by the 15 day statute rather than the 5 day statute and that the court erred in its third conclusion of law.
It is unnecessary for us to consider the remaining contentions of error asserted by appellant.
The judgment is reversed with directions to set aside the order of appellee board and to remand said cause to the board for further proceedings.
Achor, C.J., and Arterburn, Jackson and Bobbitt, JJ., concur.
NOTE.  Reported in 159 N.E.2d 131.
NOTES
[1] Burns' § 63-3001 et seq. (1957 Replacement), being Acts of 1947, ch. 365.