**B & V DISTRIBUTING, INC., McCarty's Roofing & Siding, and Greg Patterson, Appellants–Defendants Below,**

v.

**Brian K. MAYO, Appellee– Plaintiff Below.**

**No. 93A02–9212–EX–617.[1]**

Court of Appeals of Indiana, Third District.

May 24, 1993.

---

1. This case was assigned to this office by order of the Chief Judge.

Carolyn W. Spengler, David M. Lutz, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellants-defendants.

STATON, Judge.

B & V Distributing, Inc., ("B & V") contracted with McCarty's Roofing and Siding ("McCarty's Roofing") to reconstruct the roof of a building. McCarty's Roofing subcontracted a portion of the job to Greg Patterson. Patterson hired Brian K. Mayo to work on the job. Neither McCarty's Roofing nor Patterson purchased Worker's Compensation Insurance. While working on the roof, Mayo was injured. Mayo filed a claim with the Worker's Compensation Board and named B & V, McCarty's Roofing, and Patterson as his employers. A full board of the Worker's Compensation Board (the "Board") held B & V secondarily liable to Mayo should Mayo be unable to collect the award from Patterson and McCarty's Roofing.[2] B & V appeals. B & V raises one issue for our review which we restate as whether the Board properly held B & V secondarily liable for Mayo's worker's compensation benefits under IND. CODE 22–3–2–14(a).

We reverse.

While the Worker's Compensation Act should be liberally construed on behalf of the claimant, such construction does not authorize the Board to interpret the law so that compensation will be granted without a specific statutory provision. *Federal Cement & Tile Co. v. Pruitt* (1958), 128 Ind. App. 126, 146 N.E.2d 557. The Board relies on IND.CODE 22–3–2–14(a) (1988) to impose liability on B & V. IC 22–3–2–14(a) provides in relevant parts:

(a) ... [A]ny corporation ... contracting for the performance of any work exceeding five hundred dollars ($500) in value by a contractor subject to the compensation provisions of IC 22–3–2 through IC 22–3–6, without exacting from such contractor a certificate from the worker's compensation board showing that such contractor has complied with section 5 of this chapter, IC 22–3–5–1, and IC 22–3–5–2, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death *of any employee of such contractor,* due to an accident arising out of and in the course of the performance of the work covered by such contract. (Emphasis added).

This subpart assures adequate coverage for the employees of a contractor.

However, in the present case, Mayo was an employee of a subcontractor, not

---

2. McCarty's Roofing has apparently discharged its obligation under the Board's order in Bank-

the employee of the contractor.[3] IC 22–3–2–14(a) does not impose liability on B & V for an injured employee of a subcontractor. Moreover, the nature of the relationship between the contractee corporation and the independent contractor inherently limits the control the contractee corporation exerts over the independent contractor's business practices. The corporation also lacks notice or knowledge of the independent contractor's failure to comply with the Worker's Compensation Act when hiring a subcontractor. In the present case, the imposition of liability creates an additional tier of liability not provided for by the General Assembly in IC 22–3–2–14. *Federal Cement, supra.*

 Additionally, the Board found B & W was Mayo's statutory employer since IND.CODE 22–3–6–1(b) (Supp.1992) defines "Employee" as "every person ... in the service of another...." We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.* While the definition "employee" should be liberally construed on behalf of the claimant, we conclude the Board too broadly construes the term "employee".

In the case of Mayo's employment, if IC 22–3–6–1 is given its plain and ordinary meaning, Mayo was in the service of Patterson, the subcontractor who hired him. However, the construction given to "employee" by the Board places Mayo, the employee of an independent subcontractor,

"in the service" of B & V, the contractee corporation, for the purpose of worker's compensation. This construction makes IC 22–3–2–14 mere excess and is contrary to *Firth, supra* (words appearing in a statute intended to have meaning).

We reverse the portion of the decision of the Board which holds B & V liable for Mayo's injuries.

HOFFMAN and ROBERTSON, JJ., concur.

3. The liability of the contractor to a subcontractor for failing to obtain proof of worker's compensation insurance is governed by IC 22–3–2–14(b). IC 22–3–2–14(b) provides in relevant part:

> Any principal contractor, intermediate contractor, or subcontractor, who shall sublet any contract for the performance of any work, to a subcontractor subject to the compensation provisions of IC 22–3–2 through IC 22–3–6, without requiring from such subcontractor a certificate from the worker's compensation board showing that such subcon-

tractor has complied with section 5 of this chapter, IC 22–3–5–1, and IC 22–3–5–2, shall be liable to the same extent as such subcontractor for the payment of compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death *of any employee of such subcontractor* due to an accident arising out of and in the course of the performance of the work covered by such subcontract. (Emphasis added).

This provision would impose liability on the principal contractor, McCarty's Roofing, but not on the contractee corporation, B & V.