**CHRISTOPHER R. BROWN, DDS, INC., Appellant–Plaintiff,**

v.

**DECATUR COUNTY MEMORIAL HOSPITAL, Appellee– Defendant.**

No. 93A02–0703–EX–236.

Court of Appeals of Indiana.

Aug. 9, 2007.

---

C. Richard Marshall, Columbus, IN, Attorney for Appellant.

Donald S. Smith, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Christopher R. Brown, D.D.S., Inc. (Brown), appeals the Full Worker's Compensation Board's denial of prejudgment interest on the outstanding balance due and owed to Brown as a result of medical services provided. We affirm.

### ISSUE

Brown raises one issue on appeal, which we restate as follows: Whether prejudg-

ment interest is available for belated payments to health care providers for services rendered under the Worker's Compensation Act.

### FACTS AND PROCEDURAL HISTORY

Dorine Trimnell (Trimnell) was employed by Decatur County Memorial Hospital (the Hospital) on April 26, 2001, when she was injured in an automobile accident resulting in multiple injuries. The accident arose out of and in the course of her employment; therefore, on October 31, 2001, she filed an Application for Adjustment of Claim with the Indiana Worker's Compensation Board (Board). As required by statute, the Hospital's insurer, American Physicians Capital, Inc. (AP Capital), provided medical specialists to treat Trimnell's injuries, including Brown who treated the injuries to her face, head, neck, and jaw.

On October 21, 2002, Brown filed an Application for Adjustment of Claim for Provider Fee in the amount of $10,597.49 for unpaid services rendered to Trimnell. On November 17, 2004, Brown filed an Amended Application for Adjustment of Claim for Provider Fee in the amount of $17,292.88 and requested interest of eight percent per annum on all unpaid amounts.

On December 6, 2004, at a Board hearing, AP Capital gave Brown a check in the amount of $14,230; the hearing was subsequently continued. In March and September 2005, AP Capital paid Brown $700 and $125, respectively. Then, between January 2005 and October 2005, AP Capital paid the remaining outstanding balance owed to Brown. On July 12, 2006, a hearing was held in front of a single member of the Board wherein it was decided Brown was entitled to prejudgment interest. The Hospital appealed to the full Board where the single board member's decision was

reversed and Brown was denied prejudgment interest.

Brown now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Brown claims he is entitled to prejudgment interest for healthcare services rendered. Specifically, Brown argues that a contract for services was created when he was requested by the Hospital's insurer to provide medical care to Trimnell. Thus, Brown contends this case should be treated as any other civil contract action addressing prejudgment interest and not under the worker's compensation umbrella. Conversely, the Hospital maintains there is no provision for an award of prejudgment interest under the Worker's Compensation Act (the Act); thus, Brown is not entitled to prejudgment interest. We agree with the State that neither the Act nor case law mandates the payment of interest under the circumstances presented.

When we review a decision of the Worker's Compensation Board, we are bound by the Board's factual determinations, and we will not disturb those determinations unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Krause v. Indiana University–Purdue University at Indianapolis,* 866 N.E.2d 846, 851 (Ind.Ct.App.2007). We neither reweigh the evidence presented nor assess the credibility of the witnesses. *Id.* Although we are not bound by the Board's interpretations of law, we will reverse the Board's decision only if the Board incorrectly interprets the Act. *Id.*

We find the recent case of *Bowles v. Griffin Indus.,* 855 N.E.2d 315 (Ind.Ct. App.2006), *trans. denied,* instructive in resolving the issue raised by Brown. In *Bowles,* the Board awarded worker's compensation benefits to Bowles as a result of an injury sustained in an incident arising out of and in the course of his employment, but denied his request for both pre- and post-judgment interest. In deciding *Bowles,* we relied upon *Joseph E. Seagram & Sons v. Willis,* 401 N.E.2d 87 (Ind.Ct. App.1980), for the following:

A proceeding for [worker's] compensation is purely statutory in origin and procedure. Therefore the rights and obligations of the parties concerned must be determined by reference to the act of the Legislature. *Federal Cement & Tile Co. v. Pruitt, Admrx.,* 128 Ind. App. 126, 146 N.E.2d 557 (1957). The Legislature in the enactment and amendments of the [Worker's] Compensation Act has specified with particularity the factual situation giving rise to a right of compensation, the procedure to be observed in connection therewith and the awards that may be made. It is the statute itself that speaks with reference to these matters.

Obviously it was not the intent of the Legislature that rights or duties might be asserted in addition to those specifically granted and imposed. The provisions of the statute exclude implications. Whatever the reasons therefore, *the fact remains that the Legislature has not seen fit to amend the statute by incorporating a provision for interest on an award from the date of death.* Had the Legislature intended that administrative officers clothed with authority to carry out the provisions of the law might allow interest from the date of death in addition to the amounts fixed by way of compensation, it undoubtedly would have made a provision to that end. This was not done, however, and the *courts have no authority to read into the statute a provision that the Legislature has purposely omitted. Town of Schererville v. Vavrus* [180 Ind.App. 500], 389 N.E.2d 346 (1979)[, *reh'g denied*]. Whether interest from date of death should be allowed on an award is a

matter for determination by the Legislature and not the courts. *Bowles*, 855 N.E.2d at 320–21 (Ind.Ct.App. 2006) citing (*Seagram*, 401 N.E.2d at 92–93 (Ind.Ct.App.1980)). Significantly, in the quarter century since *Seagram* was decided, the Legislature has amended the Act numerous times, but has never added a provision requiring prejudgment interest on a Worker's Compensation award. *Bowles*, 855 N.E.2d at 321. We have no authority to read in such a requirement. *Id.*

■ Thus, in the instant case, because the Legislature has not seen fit to amend the Act by incorporating a provision for prejudgment interest for balances owed to health care providers for services rendered to employees in Worker's Compensation cases, Brown is not entitled to prejudgment interest. However, Brown claims that because he is not employed by the Hospital a contract outside the purview of the Act was created between him and the hospital. We cannot agree because he is seeking prejudgment interest pursuant to a Worker's Compensation claim and because we have no authority to read into a statute a provision the Legislature has purposely omitted, *i.e.* a provision for prejudgment interest, we cannot find the Board incorrectly interpreted the Act.

■ Alternatively, Brown makes a paltry argument under the Indiana Constitution's Equal Privileges Clause. He argues it is unconstitutional to treat health care providers one way in the general civil arena, but treat them less favorably in the Worker's Compensation arena. Specifically, but with little to no support, Brown contends that had a non-worker's compensation medical bill claim been filed, Indiana statutory and common law would have protected the health care provider and granted interest. We decline to address this issue as "both state and federal courts traditionally foreswear deciding a constitutional question unless no non-constitutional grounds present themselves for resolving the case under consideration." *Citizens Nat'l Bank of Evansville v. Foster*, 668 N.E.2d 1236, 1241 (Ind.1996). Therefore, because we have determined that Brown is not entitled to prejudgment interest in that there is no provision for such within the Act, we will not address this constitutional issue.

### CONCLUSION

Based on the foregoing, we find prejudgment interest is not available to health care providers for belated payments for services rendered under the Worker's Compensation Act. As such, Brown was not entitled to prejudgment interest.

Affirmed.

NAJAM, J., and BARNES, J., concur.